UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEROY BRIMMER
    Plaintiff,

v.    No. 3:15-0558
    Judge Nixon

WARDEN DAVID B. WESTBROOKS,
et al.
    Defendants.

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against David Westbrooks, Warden of the prison, and members of the Deberry staff, seeking damages.

The plaintiff is at Deberry undergoing radiation treatment for prostate cancer. Due to a lengthy history of disciplinary infractions, he has not been allowed to keep his bass guitar and amplifier. The plaintiff believes that the refusal to allow him to keep his personal property constitutes a violation of his rights.

To establish a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

There is no constitutional right for a prisoner to keep a bass guitar and amplifier with him while in custody. Thus, in the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. He has failed, therefore, to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
John T. Nixon
Senior District Judge